## CIRCUIT COURT OF AMHERST COUNTY

Lucy H. Gibbs

v.

Commonwealth of Virginia,
Department of Mental Health,
Mental Retardation, and
Substance Abuse Services
(Central Virginia Training Center)

September 27, 1996

Case No. CL 4797

BY JUDGE J. MICHAEL GAMBLE

This is a proceeding to determine whether the grievance filed by Lucy H. Gibbs, M.D., is a grievable matter under the provisions of the Code of Virginia. The grievance record in this matter was filed with the Court by the Department of Mental Health, Mental Retardation, and Substance Abuse Services ("The Department") on August 30, 1996. In accordance with the provisions of § 2.1-116.06(E) of the Code of Virginia, the Court heard the appeal of this matter on September 24, 1996, within thirty days of the date of filing the record.

Upon consideration of the argument of counsel, the documents set forth in the record, and the additional exhibits presented, the Court affirms the decision of the Director of the Department of Employee Relations Counselors that the grievance filed by Dr. Gibbs is not grievable under the provisions of the Code of Virginia.

Section 2.1-116.06(A) of the Code of Virginia sets forth a list of six employment actions in which "the employee is personally involved" which qualify for a grievance hearing. Section 2.1-116.06(C) sets forth that

complaints related solely to establishment and revision of wages, salaries, position classifications, or general benefits shall not proceed to a hearing.

In her initial grievance filed on May 13, 1996, Dr. Gibbs maintains that she is not responsible for the accuracy of the time records and that she should not be penalized by errors committed by another department. This initial complaint does not qualify for a grievance. Policy Number 4.25 III(B)(2)(a) establishes the rate of holiday pay for part-time employees. This provision provides that part-time employees will receive holiday pay based on the same percentage of full-time hours that they are employed to work. In this matter, Dr. Gibbs was a part-time employee who worked eighty percent of the time. She was erroneously paid for eight hours of work on holidays, when she should have been paid for 6.4 hours under this policy. Thus, the initial grievance is, in essence, an attack on the policy. It is clear that she was not paid correctly in accordance with the policy. Just because the records were kept incorrectly does not change the policy. Accordingly, her initial complaint does not qualify for a grievance because it is basically a complaint on the establishment of wages, salaries, and benefits.

During the course of the grievance process, Dr. Gibbs also complained that the agency misapplied policy under Va. Code § 2.1-116.06 because she was not offered the options set forth in § III.(B)(2)(b) of Department policy Number 4.25. This policy provides that the agency "may" allow employees to work additional hours on another day or charge additional hours to accrued annual, compensatory, or overtime leave. By its own terms, this policy makes it the option of the agency to offer this to part-time employees; it does not mandate that the agency offer these options to the employee. Therefore, Dr. Gibbs cannot argue that it is a misapplication of policy for the agency not to offer her an option which was solely in the discretion of the agency.